1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO ESQUIVEL-CANO, | )    1:05-cv-00418-LJO-TAG HC |
|         Petitioner, | ) |
| | )    REPORT AND RECOMMENDATION TO |
|    v. | )    DISMISS AND DENY PETITION FOR WRIT |
| | )    OF HABEAS CORPUS |
| BERNIE ELLIS, Warden, et al, | )    (Doc. 1) |
|         Respondents. | ) |
| | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on March 30, 2005. (Doc. 1).   The petition and attached legal argument indicate that on October 15, 2002, Petitioner was convicted in the United States District Court for the Eastern District of California of one count of conspiracy to manufacture and distribute methamphetamine and sentenced to a prison term of 168 months.

Petitioner alleges that he appealed his conviction on grounds of ineffective assistance of counsel to the Eastern District of California and that his "petition" was denied on July 14, 2003. (Doc. 1, p. 2).

Petitioner now brings this habeas petition raising the following grounds for relief: (1) incorrect sentence due to the U.S. Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005); (2) disparity treatment for illegal aliens by the Bureau of Prisons; and (3) ineffective assistance of counsel.  (Doc. 1, p. 3).  Petitioner seeks relief in the nature of an order from this Court granting a sentence reduction to eight years.  (Id. at p. 11).

As indicated more fully below, the Court determines that Petitioner's first and third claims challenge his original sentence, and therefore should have been brought in the trial court

1

1  as a motion pursuant to 28 U.S.C. § 2255.  Petitioner's second claim should be rejected on the

2  merits.  Thus, the Court will recommend that the instant petition be dismissed.

3                                    **DISCUSSION**

4         **A.  Grounds One and Three Should Be Raised By A Motion Under 18 U.S.C. § 2255.**

5         A federal prisoner who wishes to challenge the validity or constitutionality of his

6  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

7  under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v.

8  Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

9  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing

10  court has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a

11  federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28

12  U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at

13  1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

14         In contrast, a federal prisoner challenging the manner, location, or conditions of that

15  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

16  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d

17  175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);

18  United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476,

19  478-479 (3rd Cir. 1990);  United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987);

20  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).

21         In this case, in his first and third grounds for relief, Petitioner clearly is challenging the

22  validity and constitutionality of his sentence rather than an error in the administration of his

23  sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255,

24  not a habeas petition pursuant to § 2241.  Although Petitioner has filed his petition on a form

25  indicating it is pursuant to § 2241,  a petition contending Petitioner's sentence is invalid is still a

26  § 2255 petition regardless of what Petitioner calls the petition.  See Brown, 610 F.2d at 677.

27         In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief

28  under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective

                                         2

1    to test the validity of his detention." <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir.1997)

2    (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an

3    inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow

4    exception. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003); <u>Pirro</u>, 104 F.3d at 299; <u>Tripati</u>,

5    843 F.2d at 1162-1163 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not

6    render a § 2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d 390 (9th Cir.1957);

7    <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th Cir.1956) <u>see</u> <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (a

8    court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.).

9         The Ninth Circuit has also provided little guidance on what actually constitutes

10   "inadequate and ineffective" in relation to the savings clause.  It has acknowledged that "[other]

11   circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus

12   that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually

13   innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed

14   procedural shot" at presenting this claim." <u>Ivy</u>, 328 F.3d at 1059-60, <u>citing</u> <u>Lorentsen v. Hood</u>,

15   223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted).  The burden is on the petitioner to

16   show that the remedy is inadequate or ineffective.  <u>Redfield v. United States</u>, 315 F.2d 76, 83

17   (9th Cir. 1963).

18        In his petition, Petitioner has not alleged that § 2255 is inadequate and ineffective.

19   Petitioner makes no claim that he is either factually innocent or that he has not has an

20   "unobstructed procedural shot" at presenting his arguments in the Eastern District.  Indeed,

21   Petitioner has not alleged that he has previously attempted to file a motion pursuant to § 2255 in

22   this Court.

23        Moreover, although the <u>Booker</u> decision may be "new" in the sense that it was decided

24   after Petitioner's conviction, it is in fact based upon case law that precedes Petitioner's

25   conviction.  <u>United States v. Booker</u>, 543 U.S. 220 (2005).  In <u>Booker</u>, the Supreme Court

26   reaffirmed its holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000): "Any fact (other than a

27   prior conviction) which is necessary to support a sentence exceeding the maximum authorized by

28   the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or

1  proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, citing Apprendi, 530 U.S.

2  at 488-490.  Thus, while Petitioner implicitly argues that his challenge to his sentence is based on

3  a "new" basis for relief established by Booker, his challenge is in fact ultimately based on the

4  earlier holding in Apprendi, and Apprendi is not a new rule of constitutional law.   It was decided

5  on June 26, 2000, prior to Petitioner's conviction.

6      Therefore, even were this Court were to infer from the petition that Petitioner is claiming

7  that § 2254 is "inadequate or ineffective,"  it is clear Petitioner has not demonstrated that fact in

8  this case.  Other than his oblique reference to Booker as a "new" decision, Petitioner has

9  provided no facts or circumstances establishing that § 2255, in this context, is either inadequate

10 or ineffective.  Hence, should Petitioner wish to pursue this claim in federal court, he must do so

11 by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

12      Even if the petition was allowed to pass through the savings clause, it would be without

13 merit because neither Apprendi nor Booker have been given retroactive application to cases on

14 collateral review.  See Harris v. United States, 536 U.S. 545, 581 (2002) ("No Court of Appeals,

15 let alone this Court, has held that Apprendi has retroactive effect."); United States v. Sanchez-

16 Cervantes, 282 F.3d 664 (9th Cir.2002) (the ruling in Apprendi does not apply retroactively to

17 initial petitions for collateral review); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir.

18 2005); Carrington v. U.S., 470 F.3d 920, 923 (9th Cir. 2006); Humphress v. United States, 398

19 F.3d 855, 860 (6th Cir.2005) (Booker is not retroactive); McReynolds v. United States, 397 F.3d

20 479, 481 (7th Cir.2005) (same); United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005)

21 (same); Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005) (per curiam) (same); Guzman

22 v. United States, 404 F.3d 139 (2nd Cir. 2005) (same); United States v. Sahlin, 399 F.3d 27 (1st

23 Cir.2005) (Booker provides no basis to vacate the entry of a pre-Booker guilty plea).

24       Therefore, the first and third grounds in the petition should be dismissed on the grounds

25 that no relief under § 2241 can be afforded.

26

27 _____

28      [1]A motion for relief  pursuant to § 2255 must be filed in the court where petitioner was originally sentenced.
In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Eastern District
of California. Thus, this court is the proper venue for filing a motion for relief pursuant to § 2255.

4

**B. Ground Two Fails On Its Merits.**

Petitioner's second ground alleges that, as a deportable alien, he is being denied that same opportunities and programs as inmates who are not deportable aliens. (Doc. 1, p. 7). Petitioner contends that he is entitled to enroll in drug rehabilitation, which would reduce his prison term, and that he should be allowed to serve part of his sentence in a minimum security facility and be placed in a Community Corrections Center, as are qualified non-deportable inmates. (Id.). Petitioner implies that such treatment violates his federal equal protection guarantees. (Id. at p. 10).

Petitioner's allegation that he is being denied the same opportunities as other inmates due his status as a deportable alien in violation of equal protection fails on the merits.   In McLean v. Crabtree, 173 F.3d 1176, 1183-1186 (9th Cir.1999),  cert. denied, 120 S.Ct. 814 (2000), the Ninth Circuit unequivocally held that the denial of such benefits to deportable aliens with immigration detainers does not violate the Constitution as this exclusion is "rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." McLean v. Crabtree, 173 F.3d at 1186 (holding that the Bureau of Prisons did not violate the defendants' statutory and constitutional rights when it denied their requests for an 18 U.S.C. §3621(e)(2)(B) sentence reduction on the basis of an Immigration and Naturalization Service detainer lodged against them); see Soto v. Gilkey, 2006 WL 2013584, *2 (E.D. Cal. July 17, 2006)(following McLean); U.S. v. Madrigal-Madrigal, 2005 WL 2271930, *1 (E.D. Cal. Sept. 14, 2005)(same).

Based on the foregoing, Petitioner's claim of an illegal sentence based on disparate treatment must be denied on the merits.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as to grounds one and three because those claims do not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241, and DENIED as to ground two because that contention fails on the merits.

///

1       This Report and Recommendation is submitted to the United States District Court Judge

2   assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of

3   the Local Rules of Practice for the United States District Court, Eastern District of California.

4   Within thirty (30) days after being served with a copy of this Report and Recommendation, any

5   party may file written objections with the Court and serve a copy on all parties.  Such a document

6   should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies

7   to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by

8   mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling

9   pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections

10  within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez</u>

11  <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12

13  IT IS SO ORDERED.

14
    Dated:  **February 28, 2007**              **/s/ Theresa A. Goldner**
15  **j6eb3d**                                  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28